JUDGE COFER
delivered the opinion or the court.
The charter of the Cumberland & Ohio Railroad Company authorized counties, cities, and towns through or near to which it might be proposed to construct said road, to subscribe for portions of the stock of the company, and to issue coupon bonds in payment for the stock subscribed for, and then provided that “the mayor and aldermen, or chairman and board of trustees of any town, mayor and council or aldermen of any city, or the county court of any such county that may subscribe for stock in said railroad company, are hereby authorized and required to levy annually and collect a tax upon the taxable property in their respective cities, towns, or counties, as listed and taxed under the revenue laws of this state, a sum sufficient to pay the interest on said bonds, together with the cost of collecting the same.”
The town of Eminence subscribed for $25,000 of stock, and issued its bonds to pay for it, and levied a tax in accordance with the foregoing provision of the charter of the railroad company, and in making the assessment assessed against the Deposit Bank of Eminence $100,000 on its capital stock. The bank is incorporated, and has its place of business in Eminence, and has paid the tax upon its banking-house and other tangible property in the town, but denied its liability to taxation on account of its capital stock; and in order to obtain an authoritative decision of the question whether it is bound to pay a tax on its stock, this agreed case was submitted to the Henry Circuit Court; and that court having adjudged in favor of the bank, the town prosecutes this appeal.
*540 There is nothing in the charter of Eminence or of the bank in any way affecting the question involved, which must depend alone upon the proper construction of that part of the charter of the railroad company already quoted.
The authority given is “to levy and collect a tax upon the taxable property in the town, as listed and taxed under the revenue laws of this state.”
The bank has its place of business in the town, and for the purposes of taxation by the town must be regarded as residing there, and whatever it owns is subject to taxation under the raih-oad charter, provided it be taxable property, such as is listed and taxed under the revenue laws of the state, and is in the town within the meaning of the statute.
"We need not decide .whether the stock of the bank is or not taxable property within the meaning of the charter of the railroad company, for, whatever it may be, it does not belong to the bank, but is a liability, and is owned by the stockholders. The bank is debtor to its stockholders, and to require it to pay taxes upon its stock is to require it to pay taxes on its debts, and not upon its property.
The state taxes banks upon their capital stock, but does not do so on the ground that such stock is property owned by the banks, but as a special tax on the corporations, the amount of which is ascertained by ascertaining the amount of their capital stock. If there were no provisions in the statutes for taxing banks except upon such property as they might own, it is clear they could not be required to pay taxes upon their capital stock; and to meet that difficulty, and to subject them to what the legislature deemed a just share of public burdens, they are subjected to a special tax, the amount of which is made to depend upon the amount of their stock.
That this is a special tax, and not a tax on property, is shown not only by the fact that it is so denominated in the statute and so treated in the revenue department, but also by *541 the fact that the same tax is imposed on the shares in all the banks without regard to the condition of the bank or the value of the shares.
The appellant can not, therefore, tax the bank on its stock on the ground that the stock is taxable under the revenue laws of the state, because its authority is to tax that which the state taxes as property; nor can it tax the bank on its stock, even if the stock be treated as property, because the bank does not own it.
'Wherefore the judgment is affirmed.